RECEIVED

98 JUL -6 PM 3: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 6 1998

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 95-PT-2275-M |
| ) | |
| NUCOR CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court files these findings of fact and conclusions of law because there may be an uncertainty as to whether the special jury verdict returned on June 25, 1998 was a regular verdict or only an advisory one. The court agrees with the special jury verdict but will make independent findings of fact and will reach conclusions of law. The parties acknowledge that there is no controlling or persuasive case authority on (1) who has the burden of proof; (2) whether a jury trial is appropriate; (3) what does and does not constitute fugitive emissions; (4) etc. The court is writing on a first impression.

The court initially notes that it cannot accept plaintiff's explicit and implicit argument that all emissions which can pass through a stack, vent, etc. are, ergo, non-fugitive emissions. The court cannot imagine any emission in a gaseous state which could not pass through such an opening. The regulation must contemplate some means of collection, direction and discharge, just as the preamble to the EPA regulation provides. Further, plaintiff's expert-representative has, prior to this litigation, referred to non-fugitive emissions as being those

which can be <u>reasonably</u> collected and discharged. He also referred to what is ordinarily done.

What is and what is not "reasonable" is uniquely a question of fact unless it is totally obvious. What is "reasonable" here is not so obvious.

In the court's view, a significant deficiency in the plaintiff's case was that there were no construction experts or equipment manufacture or installation experts who testified as to what could be reasonably done to collect and discharge the emissions. The environmental consultants were not specially qualified in this area and only expressed conclusory opinions as to possibilities. Their testimony did not credibly tilt the balance of what is more likely so or not so. Further, the court is not impressed by isolated installations, such as what is in place in Indiana, which may or may not substantially capture emissions.

Furthermore, the fact that, in some instances, defendant has acquiesced in other states' permitting requirements does not substantially establish as a question of fact, law or mixed question of fact and law that the emissions here are non-fugitive. When there are no clear cut standards to apply, acquiescence is not tantamount to admission. At least Virginia has decided as the jury did here.

Plaintiff has argued that the issue which the court submitted to the jury is a mere penalty issue to be decided by the court. The court disagrees. The issue was whether the emissions were fugitive. This required that the plaintiff prove that there was a reasonable system to collect and discharge, not just whether or not gasses can physically pass through a hole. If there is any fact question to be decided by a jury, this was one.

The court concludes that the plaintiff did not meet its burden of proving by a preponderance of the evidence that the emissions were non-fugitive and, thus, did not prove that defendant was a major source. It seems clear that the burden of proof must be on the plaintiff to prove a, if not the only, disputed element of its case. The situation seems to cry out for more definitive regulations and/or guidance interpretation. As late as 1997, plaintiff's expert-representative was expressing an opinion that perhaps there should be a <u>new</u> policy that all indoor emissions be considered non-fugitive. This was three years after the pertinent date and he referred

2

to it as a "new" policy.[1] This was somewhat different from his earlier expressions. The language in the regulation has not changed. It is inappropriate to have somewhat vague regulations and then to rely upon shifting interpretations and policies during litigation. If all the plaintiff had to prove is that gasses in a gaseous state can pass through a hole, the plaintiff should perhaps prevail. If that is not the sole test, plaintiff did not meet its burden. The court independently finds and concludes that plaintiff did not prove by a preponderance of the evidence that the defendant was, at pertinent times, a "major" source.

This ___ day of July, 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court seems to recall that in at least one instance, EPA has stated that only emissions which are physically impossible to capture are fugitive. That's not what the regulations say; certainly not the preamble to the regulation. The "new" policy is, in essence, what plaintiff argues should be applied to the 1986-1994 situation.

3