FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

99 JAN -6 PM 4: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: CV-95-PT-2275 M |
| ) | |
| NUCOR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ENTERED

JAN -6 1999

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause came to be heard at a bench trial following a jury, or possibly bench, trial as to which there has been an earlier judgment.[1] The court adheres to its earlier judgment and will now decide what, if any, penalty is due from defendant for its failure to obtain an air permit.

### Facts and Conclusion

Both parties have submitted proposed findings of fact and conclusions of law. The court will adopt certain of these proposed findings by enclosing them in parentheses and initialing the enclosure.[2] The fact that some statements may not be so designated does not necessarily result from a factual rejection.

It is somewhat the court's recollection, maybe wrong, that defendant has earlier acknowledged that, while it claimed not to be required to obtain a PSD permit, it was required to obtain an Alabama air permit. The court may be incorrect in this recollection.[3] Defendant now argues that it was not required to obtain even an air permit and, at least partially, relies upon the testimony of the "head" of ADEM's Air Division. According to defendant, however, this witness, Ron Gore, simply testified that "[T]here are no [regulatory requirements] that apply to dip coating of large metal pieces. And to the best of my knowledge as to then

---

[1] The court continues to conclude that plaintiff attempted to change its earlier adopted positions for purposes of this litigation, that it had the burden of proof, and that defendant was entitled to a jury trial as to which the evidence was sufficient, or, in any event, that the defendant was entitled to a bench trial judgment.

[2] Some statements are circled and initialed. The court will not include the statements which simply recount the history of the Clean Air Act or argument.

[3] The parties can so determine from the record. The court reaches an independent conclusion.

and now, there are no similar federal regulations that have <u>specific</u> applicability to that type of operation." (Emphasis added). He added: "<u>I think</u> after - assuming we ascertained that the proposal that <u>potential emissions</u> were less than 250 tons, we would have formally told the facility that no permit was required at the present time." (Emphasis added). It should be noted that the above language does not distinguish between fugitive and non-fugitive emissions. It is also clear that the subject facility had the potential for emitting more than 250 tons of VOC's. In fact, it did emit considerably more. Notwithstanding any possible suggestion to the contrary by Gore, the court concludes that defendant was required to obtain an air permit prior to construction and, at least, prior to operation of its new facility.[4] Having so considered, the court further concludes that the defendant is due to pay a penalty to be determined by the court.

Penalty Determination

Title 42 § 7413(b) provides for the recovery of a "civil penalty of <u>not more than $25,000.00 per day</u> for <u>each</u> violation . . . " Because the parties have both so suggested, the court assumes that, although the failure to secure a permit could be considered a one-time violation, the maximum penalty is applicable to each day following the failure to obtain the permit. As indicated in the adopted findings, the maximum penalty which can be imposed is approximately $31,625,000.00. The court is required to begin at the highest possible penalty calculation and go down if there are mitigating factors. <u>Atlantic States Legal Foundation v. Tyson Foods, Inc.</u>, 897 F.2d 1128 (11th Cir. 1990).[5]

A $31,625,000.00 "bar" would appear to be obviously "high" in this case. The court's application of the factors set out in 42 U.S.C. § 7413(e)(1) is of necessity partly objective and partly subjective. The listed factors are not weighted by the statute and the court must also consider "such other factors as justice may require." The following factors suggest a higher penalty:

> (1) The size of the business. (However, this depends on whether the size considered is the total corporate business or the business at the applicable location. While either is sizable, the local business is obviously much less than the whole.)

---

[4] The court has familiarized itself with the various pertinent statutes and regulations and will not repeat them. In the event of an appeal, the parties should quote the regulations they deem to be pertinent. The court now relies upon its reading of ADEM Adm. Code 335-3-14-.01. The court does not reach the issue of whether ADEM is "capable of waiving the application and permitting requirement", as argued by the defendant, so as to preclude a civil judicial enforcement action by the plaintiff. There is no evidence that ADEM knowingly "waived" the permitting requirement.

[5] This premise is not universally accepted. See <u>United States v. Dell'Aquilla</u>, 150 F.3d 329, 338-39 (3rd Cir. 1998). Also note that the statute provides for "not more than."

    (2) The violator's full compliance history and good faith efforts to comply.

    (3) The duration of the violation. (Although this could work both ways. A large number of days of violation which primarily results from an extension of an earlier single violation creates a somewhat disproportionate penalty measurement.)

The following factors are likely entitled to less weight:

    (1) Payment by the violator of penalties previously assessed for the same violation. (It is not clear whether this is an aggravating factor or a mitigating factor. To the extent it is an aggravating factor, it is somewhat taken into consideration in the "compliance history" factor. The penalties previously assessed have not been such as to significantly impact one way or the other.)

    (2) The seriousness of the violation. (The court cannot conclude from a preponderance of the evidence that there has been a serious impact.)

A factor which is somewhat nebulous is the "economic benefit of non-compliance" factor. The court would have to speculate to determine what the result would have been if defendant had applied for the permit.

In considering "such other factors as justice may require", the court notes that defendant's operation did not substantially change from the old operation to the new operation. This weighs in defendant's favor.

After considering and weighing all of the above stated factors, the court concludes that a penalty of $750,000.00 is appropriate and the court will so award.

This penalty gives consideration to "payment of penalties previously assessed" and substantially increases the amounts of such penalties. The court also recognizes that it has not been established by a preponderance of the evidence, expert or otherwise, that the violation has had a serious impact.

Within ten days, plaintiff will submit to the court and serve on the defendant a proposed final judgment. The defendant, within 7 days thereafter, will attempt to reconcile any differences as to form. If differences cannot be reconciled, defendant will file objections as to form within 15 days after service of the proposed judgment. The court will thereafter enter an appropriate judgment. Service on parties will be by "fax."

This 6 day of January, 1999.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE